TEXAS & PACIFIC R'Y CO. ET AL. V. L. P. MITCHELL.

(No. 3673.)

APPEAL from Bowie County.     Opinion by DAVIDSON, J.

R. D. HART, counsel for appellant.

No counsel appeared for appellee.

§ **261.** *Liability of railroad company for injury to stock; facts held insufficient to establish.*     Appellee filed his cause of action in the justice court of Bowie county against appellant for the sum of $125 for killing a mare, on October 23, 1890.     It was tried by the court without the intervention of a jury, and resulted in a judgment for appellee for the full amount of his claim, with interest on the amount awarded.     There was an appeal duly prosecuted to the county court, and on May 5, 1891, the cause was tried *de novo* in that court, with the same result as in the justice court.     The case was appealed to this court. It is necessary to notice but one of the assignments of error, to wit, the insufficiency of the evidence to support the judgment of the court.     The plaintiff below (appellee here) testified as follows: "I owned an iron-gray mare, about seven years old,— a splendid animal.     Her reasonable fair market value was $125.     On the 29th day of May, 1890, this animal was feeding near the railroad track of defendant, outside of the fence on the right-of-way, and about 6 o'clock P. M. of said day a passenger train came along, going towards Texarkana, and said animal became frightened at the noise of the train, and ran down the fence about one hundred yards, to where the defendant's fence runs near the Gaines Brothers' fence, where there is an opening left between said fence about four feet wide, and run in said opening and up against defendant's fence, and got hung in said fence, and cut herself badly, from which wounds she died.  .  .  .  At the

place where my mare got injured the company had fenced its right of way. . . . The fence was about four or five feet high. The accident occurred in open daylight. . . . The train did not make any unusual noise. The mare run into said fence, caused by fright from said train." The mare was feeding on the outside of the fence which inclosed defendant's right-of-way, and as the train came along the mare became frightened and ran full speed down the fence on the outside of the right-of-way fence, in the direction the train was going, for about one hundred yards, to where the railroad fence runs near another fence, where there is an opening, caused by the two fences failing to join, and at this point ran into the defendant's fence, and was badly cut, and soon died. Harvey testified in substance to the above facts, also, and that the fence was about five feet high. The mare was on land outside defendant's right-of-way, and between the two fences. "The mare never was struck or touched by the engine or cars of defendant." The above contains substantially the entire evidence, and about which there was no controversy. Article 4245, Revised Statutes, declares that "each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road, they shall only then be liable in cases of injury resulting from want of ordinary care." This court, in construing this statute, said: "The true meaning of this statute is that the injury must be caused by actual collision of the locomotive or cars with the stock injured. This is the construction placed upon similar statutes in other states." The company would not be responsible in damages for injuries caused from fright. "This construction of the statute in no wise militates against liability of the company

for injuries caused through the negligence of its agents or employees." [3 Civil Cas. Ct. App., § 224.] The evi- dence does not support the judgment.

December 5, 1891.     Reversed and remanded.